UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMON DIVISION

| | | |
|---|---|---|
| M. GUZMAN,[1] Plaintiff, | ) | |
| v. | ) | Case No. 2:25-cv-325 |
| FRANK J. BISIGNANO, Commissioner of Social Security, Defendant. | ) | |

**OPINION AND ORDER**

This matter is before the court on petition for judicial review of a decision of the Commissioner of Social Security, filed by the plaintiff, M. Guzman, on July 21, 2025. [DE 1]. For the following reasons, the decision of the Commissioner is **REMANDED**.

***Background***

In September 2022, Guzman filed applications for Disability Insurance Benefits (SSDI) and Supplemental Security Income (SSI), alleging a disability onset date of May 28, 2022. (Tr. 244-58). The claim was initially denied and then again upon reconsideration. (Tr. 118-22; Tr. 148-51). A hearing was held before Administrative Law Judge ("ALJ") Leeanne Foster on February 13, 2024. (Tr. 34-73). The ALJ issued an unfavorable decision on May 20, 2024. (Tr. 7-24). The Appeals Council denied Guzman's request for review, making the ALJ's decision the final decision of the Commissioner. (Tr. 1-6).

Agency regulations set forth a five-step sequential evaluation process for evaluating a claim of disability. 20 C.F.R. § 416.920(a)(4)(i)–(v); *Moore v. Colvin*, 743 F.3d 1118, 1121 (7th

[1] To protect privacy, the plaintiff's full name will not be used in this Order.

Cir. 2014).

At step one, the ALJ found that Guzman was not engaged in substantial gainful activity since May 28, 2022. (Tr. 14).

At step two, the ALJ determined that Guzman had severe impairments of thoracic and lumbar degenerative disc disease and major depressive disorder. (Tr. 15). The ALJ noted Guzman's other non-severe impairments but found that they did not impose more than a mild limitation on his work ability. (Tr. 15).

At step three, the ALJ found that Guzman's impairments did not meet the severity of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 15). The ALJ considered the physical impairments under various Listing 1.01 categories, including Listing 1.15 (skeletal spine disorders), and Listing 1.16 (lumbar spinal stenosis).

At this stage, the ALJ considered the "paragraph B" criteria which required assessing Guzman's ability in four areas of mental function, namely to "[u]nderstand, remember, or apply information; interact with others; concentrate, persist, or maintain pace; and adapt or manage oneself." 20 C.F.R. pt. 404, subpt. P, app. 1. The ALJ found that Guzman had a mild limitation in understanding, remembering, or applying information; a moderate limitation in interacting with others; a moderate limitation in concentrating, persisting, or maintaining pace; and a mild limitation in adapting or managing oneself. (Tr. 17).

Following step three, the ALJ assessed Guzman's residual functional capacity ("RFC"):

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except that the claimant can occasionally balance, stoop, kneel, crouch, crawl, and climb ramps and stairs. He can never climb ladders, ropes, or scaffolds. He can understand, remember, and carry out simple instructions and make simple work related decisions. He

> can tolerate occasional changes in work setting. He can tolerate occasional interaction with coworkers and supervisors, but to limit the duration and intensity of those interactions, there should be no teamwork or tandem tasks. He can never interact with the public.

(Tr. 18).

At step four, the ALJ found that Guzman had no past relevant work. (Tr. 25).

At step five, the ALJ considered Guzman's RFC, age, education, and work experience to determine Guzman's ability to work. The ALJ relied on a vocational expert's testimony to conclude that there were three jobs—marker, routing clerk, and linen grader/sorter—that existed in significant numbers in the national economy which Guzman could perform. (Tr. 26). As a result, the ALJ found that Guzman was not disabled under the Social Security Act. (Tr. 27).

***Discussion***

The standard for judicial review of an ALJ's finding that a claimant is not disabled within the meaning of the Social Security Act is limited to a determination of whether those findings are supported by substantial evidence. 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security, as to any fact, if supported by substantial evidence, shall be conclusive."); *Lothridge v. Saul*, 984 F.3d 1227, 1232 (7th Cir. 2021); *Moore v. Colvin*, 743 F.3d 1118, 1120–21 (7th Cir. 2014); *Bates v. Colvin*, 736 F.3d 1093, 1097 (7th Cir. 2013) ("We will uphold the Commissioner's final decision if the ALJ applied the correct legal standards and supported her decision with substantial evidence."); *Swiecichowski v. Dudek*, 113 F.4th 751, 756 (7th Cir. 2025); *Rabdeau v. Bisignano*, 155 F.4th 908, 912 (7th Cir. 2025) (quoting *Jarnutowski v. Kijakazi*, 48 F.4th 769, 773 (7th Cir. 2022)); *Lincoln v. Bisignano*, 173 F.4th 886, 891 (7th Cir. 2026); *Liapis v. Bisignano*, No. 24-3170, slip op. at 4 (7th Cir. July 6, 2026). A reviewing court does not "reweigh the evidence or substitute [its] own judgment for that of the ALJ." *Moore*, 743

F.3d at 1121. Instead, the court's role is to "examine the ALJ's decision to determine whether it reflects a logical bridge from the evidence to the conclusions." *Id.*; *Lothridge*, 984 F.3d at 1233. To warrant reversal, the burden is on the claimant to "point to evidence compelling the conclusion that the adverse disability decision lacks substantial support in the record." *Morales v. O'Malley*, 103 F.4th 469, 470 (7th Cir. 2024).

Disability insurance benefits are available only to individuals who can establish a "disability" under the Social Security Act. The claimant must show that he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Social Security regulations enumerate the five-step sequential evaluation to be followed when determining whether a claimant has met the burden of establishing disability. 20 C.F.R. §§ 404.1520, 416.920. The ALJ first considers whether the claimant is employed and "doing . . . substantial gainful activity." 20 C.F.R. §§ 404.1520(b), 416.920(b). If he is, the claimant is not disabled, and the evaluation process is over. If he is not, the ALJ next addresses whether the claimant has a severe impairment or combination of impairments that "significantly limits . . . physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1520(c), 416.920(c); *see Williams v. Colvin*, 757 F.3d 610, 613 (7th Cir. 2014) (discussing that the ALJ must consider the combined effects of the claimant's impairments). Third, the ALJ determines whether that severe impairment meets any of the impairments listed in the regulations. 20 C.F.R. § 401, pt. 404, subpt. P, app. 1. If it does, then the impairment is acknowledged by the Commissioner to be conclusively disabling. However, if the impairment does not so limit the claimant's remaining capabilities, the ALJ reviews the claimant's "residual functional capacity"

and the physical and mental demands of his past work. If, at this fourth step, the claimant can perform his past relevant work, he will be found not disabled. 20 C.F.R. §§ 404.1520(e), 416.920(e). That said, if the claimant shows that his impairment is so severe that he cannot engage in his past relevant work, then the burden of proof shifts to the Commissioner to establish that the claimant, considering his age, education, job experience, and functional capacity to work, is able to perform other work and that such work exists in the national economy. 42 U.S.C. § 423(d)(2); 20 C.F.R. §§ 404.1520(f), 416.920(f); *see Biestek v. Berryhill,* 587 U.S. 97, 107–08 (2019) (upon the disability benefits applicant's request, vocational expert's refusal to provide the private market-survey data underlying his opinion about job availability does not categorically preclude the expert's testimony from counting as "substantial evidence" but, instead, the inquiry is case-by-case).

Guzman has requested that the court remand this matter for additional proceedings. In his appeal, he challenges the ALJ's RFC assessment, evaluation of Dr. Raymond Loza, and weighing of Guzman's symptoms.

**1. The ALJ Failed to Consider Guzman's CPP Limitations in Constructing the RFC**

The RFC finding is central to the outcome of a Social Security case. This determination represents the claimant's ability to work in consideration of all of his physical and mental limitations, and it plays a key role in the ALJ's determination of whether the claimant is disabled and eligible for benefits, or whether he can hold substantial gainful employment on a regular basis. SSR 96-8p, 1996 WL 374184, at *1; *Pepper v. Colvin*, 712 F.3d 351, 362 (7th Cir. 2013); *see also Yurt v. Colvin,* 758 F.3d 850, 857 (7th Cir. 2014) ("the ALJ's RFC assessment must incorporate all of the claimant's limitations supported by the medical report."). Since the RFC finding must account for all of a claimant's physical and mental limitations, an ALJ's failure to

fully consider even non-severe limitations within the RFC finding warrants remand and reversal. *Denton v. Astrue*, 596 F.3d 419, 423 (7th Cir. 2010); *Golembiewski v. Barnhart*, 322 F.3d 912, 918 (7th Cir. 2003). This is because an RFC finding which does not account for all of a claimant's limitations is not supported by substantial evidence. *Lothridge*, 984 F.3d at 1232-33.

An ALJ is free to determine that a claimant's alleged impairments are not supported by the medical and nonmedical evidence. 20 C.F.R. § 416.920c(b)(2), (c)(1)-(2) (regulatory factors of supportability and consistency are the most important factors ALJs consider when determining persuasiveness of prior administrative medical findings). Even when an impairment is non-severe, an ALJ must still include limitations from those impairments. SSR 96-8p; *Stage v. Colvin*, 812 F.3d 1121, 1125 (7th Cir. 2016) (RFC must include limitations from all impairments, even those that are non-severe).

Guzman argues the ALJ failed to account for his moderate limitations in CPP when making the RFC determination. The RFC limits Guzman to simple instructions and work tasks as well as occasional coworker interactions. (Tr. 18). The Seventh Circuit has held that limiting a claimant to simple and limited tasks does not adequately account for limitations in concentration, persistence, and pace. *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 620 (7th Cir. 2010); *Yurt v. Colvin*, 758 F.3d at 858-59. Such limitations do not demonstrate that the ALJ considered Guzman's actual CPP deficiencies. "Simple tasks" does not correlate to the moderate concentration issues that the ALJ herself identified. (Tr. 17). The second restriction of "occasional interactions" also does not adequately account for the moderate limitations that, again, the ALJ identified Guzman as exhibiting. (Tr. 17). *Holiday v. O'Malley*, 2024 WL 2860088, at *4 (N.D. Ind. June 5, 2024) (citing *Martin v. Saul*, 950 F.3d 369, 373-74 (7th Cir. 2020) ("someone with problems concentrating may not be able to complete a task consistently

over the course of a workday, no matter how simple it may be.”).

When an ALJ determines that a claimant has moderate CPP difficulties, the ALJ's RFC finding must reflect these difficulties by limiting the claimant to work he can perform in light of his specific CPP impairments. *See Martin*, 950 F.3d at 373-74 (affirming an RFC finding which accounted for all of a claimant's specific CPP impairments). The ALJ is free to determine that a claimant's specific CPP impairments do not warrant extensive limitations in the RFC. *See Jozefyk v. Berryhill*, 923 F.3d 492, 497-98 (7th Cir. 2019) (affirming an ALJ's decision not to provide limitations related to claimant's alleged concentration difficulties). Nevertheless, the ALJ must show that she “considered all limitations supported by the record evidence” in making her RFC finding, or else this finding is not supported by substantial evidence. *Id.*; *see also Lothridge*, 984 F.3d at 1233 (“the residual functional capacity analysis must say enough to enable a review of whether the ALJ considered the totality of a claimant's limitations.”).

Here, the ALJ did not identify specific limitations that corresponded with identifiable CPP limitations. Merely limiting Guzman to “simple tasks” and “limited [social] interactions,” without more, is not sufficient to create a logical bridge between the record and the RFC. *Lothridge*, 984 F.3d at 1233.

***Conclusion***

The ALJ’s RFC findings failed to account for Guzman’s CPP limitations. Accordingly, the decision of the Commissioner is **REMANDED**.

ENTERED this 14th day of September, 2026.

/s/ Andrew P. Rodovich
United States Magistrate Judge